**ORDERED.**

**Dated: September 04, 2024**

Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In Re:                                                          Case No: 3:24-bk-00698-BAJ
SAYED MOHAMMAD HUSSAINI                         Chapter 13

        Debtor[1]
_____/

## <u>ORDER CONFIRMING PLAN</u>

THIS CASE came on for a hearing on August 13, 2024 (the "Confirmation Hearing"), of Debtor's Chapter 13 plan (Docket No. 28) (the "Plan"). References to the Plan include Debtor's most recently filed amended Plan, if any, and any amendments approved by prior order or in open court during the Confirmation hearing, all of which are incorporated in this Order. The Court finds that the Plan was served on all interested parties and complies with the provisions of Chapter 13 of the Bankruptcy Code[2] and with other applicable provisions of the Code.

---

1 All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.
2 All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

Accordingly, it is

**ORDERED:**

1.     ***Confirmation.*** The Plan is confirmed as set forth herein. If there is a discrepancy between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan. By entry of this Order, any objections to confirmation of the Plan are deemed withdrawn and/or overruled by entry of this Order.

2.     ***Personal Financial Management Course***. Debtor must complete a required personal financial management course and file a certificate that such course has been completed within 90 days of the entry of this Order.

3.     ***Plan Payments***. Debtor must make monthly payments ("Plan Payments") to the Trustee as stated in the attached Exhibit "A" for 36 consecutive months commencing on April 11, 2024. Debtor must make Plan Payments by (a) Trustee-approved electronic transfer, or (b) money order, cashier's check, or employee wage deduction mailed to the Chapter 13 Standing Trustee, **Douglas W. Neway, Post Office Box 2079, Memphis, TN 38101-2079.** Each Plan Payment must reference Debtor's legibly printed name and the Chapter 13 case number, and must not identify Debtor's social security number.

4.     ***Trustee's Statutory Percentage Fee***. The Trustee will collect from each Plan Payment the Trustee's statutory percentage fee authorized by 28 U.S.C. § 586 (the "Trustee's Statutory Percentage Fee"). If the Trustee's actual Statutory Percentage Fee is less than provided for in the Plan, the Trustee may allocate any unused portion of the Statutory Percentage Fee to fund the Plan if necessary for Debtor to obtain a discharge, or to increase the distribution to

unsecured creditors.

5.     ***Income Tax Returns***. While the Chapter 13 case is pending, Debtor must timely file all tax returns and make all tax payments and deposits when due; if Debtor is not required to file tax returns, Debtor must provide Trustee with a statement to that effect. For each tax return that becomes due after the case is filed, Debtor must, within 14 days of filing the return, provide the Trustee with a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.

6.     ***Income Tax Refunds***. Beginning with tax year 2024, unless otherwise consented to by the Trustee or ordered by the Court, in addition to Plan Payments, Debtor must turn over all tax refunds to the Trustee for distribution to allowed general unsecured creditors. Upon receipt of any tax refund, Debtor must immediately forward the amount of the refund to the Trustee and must include Debtor's bankruptcy case number. **Debtor must not spend any tax refund without first having obtained the Trustee's consent or court approval.**

7.     ***Postpetition Domestic Support Obligations.*** Debtor is responsible for paying any domestic support obligation that first becomes payable after the petition date.

8.     ***Postpetition Homeowners' or Condominium Association Assessments or Dues and Property Taxes.*** Unless otherwise provided for in this Order or any other order of this Court, Debtor is responsible for paying all postpetition ongoing homeowners' or condominium association assessments or dues, and/or property taxes that are related to real property being retained by Debtor under the Plan, and the automatic stay shall not apply to these postpetition

3

expenses.

9.     ***Debtor's Continuing Duty to Disclose Changes in Financial Circumstances and Assets.*** Debtor has the continuing duty to disclose any changes in financial circumstances and new assets or potential rights to assets that Debtor acquires postpetition by promptly filing amended schedules A, B, I and J, as applicable. Debtor's failure to disclose changes in financial circumstances or assets by filing amended schedules may result in dismissal of the case and/or denial of Debtor's discharge. If Debtor fails to file amended schedules I and/or J in support of a motion to modify or Debtor's opposition to a motion to modify due to a change in financial circumstances, the Court may deny Debtor's requested relief without a hearing. Changes in financial circumstances may include but are not limited to:

(a)     annual increases of $10,000 or more in gross income from any source from the last filed Schedules of the Debtor;

(b)     the right to receive and/or the receipt of an inheritance or life insurance proceeds;

(c)     receipt of any asset, winnings, or prize(s) of $5,000 or more in value during any calendar year;

(d)     any claims or potential claims against third parties that accrue and that have not been previously disclosed on the schedules; and/or

(e)     any changes in expenses or household size that substantially impact Debtor's disposable monthly income.

10.     ***Prohibition on Post-Confirmation Debt***. Debtor must not incur any post-confirmation debt outside the ordinary course during the term of the Plan without prior

approval of the Court or the Trustee.

11. ***Distributions Under the Plan.*** The Trustee shall disburse payments to the holders of allowed claims as stated on the attached Exhibit "A" or any subsequent Court order. The Trustee may distribute partial Plan Payments to creditors in their order of priority based upon the availability of funds. If Debtor's Plan Payments are timely paid, payments to secured creditors that are included in Plan Payments shall be deemed contractually paid on time. If Trustee has insufficient monies to make distributions to Creditors as stated in this Order, or any other Court order, the Trustee may adjust the amount of the Plan Payments during the life of the Plan without further order of this Court under § 1329. Inasmuch as no creditor will be adversely affected by the modification, notice and hearing are not required.

12. ***Claims***. All claims, including Debtor's attorney's fees, are allowed or disallowed as stated in Exhibit "A" attached hereto. Within 21 days of the date of this Order, any party in interest may request the Court to examine fees to be paid to Debtor's attorney.

13. ***Objections to Claims***. If the deadline to file proofs of claim has not yet expired, Debtor shall have 28 days following the expiration of the deadline to object to any filed claim that has not already been provided for in this Order.

14. ***Disallowance of Amended and Untimely Filed Claims***. Except for (a) a claim filed by Debtor or the Trustee under Rule 3004; (b) a claim provided for in Exhibit "A" of this Order or subsequent modification of Exhibit "A;" or (c) an amended claim filed in a lesser amount than the timely filed original claim, any claim or amended claim filed after the claims bar date will be disallowed and will receive no distribution unless the Court enters an order

5

granting the claimant's motion to allow the claim as timely filed.

15.     ***Claims Timely Filed After Entry of this Order***. If this Order is entered before the expiration of the Claims Bar Date and does not provide for a timely filed claim, Debtor must promptly file an appropriate motion to modify the confirmed Plan, and if applicable, any objection to the claim or motion to determine secured status. The Trustee shall review the claims register after all deadlines for filing proofs of claim have expired and may file a motion to dismiss if Debtor fails to promptly take appropriate action to address all timely filed claims.

16.     ***Mortgage Payment Changes.*** The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan shall be governed by Rule 3002.1(b). If the holder of a claim secured by Debtor's principal residence files and serves a Notice of Payment Change, the Trustee shall take the following action:

(a)     If the new payment is *less* than the current payment, the Trustee may reduce the monthly distribution to the creditor in accordance with the Notice of Payment Change and apply the difference to increase the distribution to unsecured creditors; or

(b)     If the new payment is *greater* than the current payment, the Trustee shall (i) compute the necessary increase to Debtor's Plan Payment and notify Debtor and Debtor's attorney of the new Plan Payment; and (ii) increase the monthly distribution to the creditor.

The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee under § 1329. Inasmuch as no creditor will be adversely affected by the modification, notice and hearing are not required.

17.     ***Arrearages***. The Plan provides for the cure of any prepetition and postpetition

6

arrearages. After the completion of all payments under the Plan and the entry Debtor's discharge under § 1328, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual dates of maturity reinstated. Any postpetition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the completion of the Plan, unless (a) specifically provided for in this Order or (b) allowed pursuant to a notice provided under Rule 3002.1(c) before the completion of Plan Payments.

18.     ***Retention of Secured Creditors' Liens.*** The holders of allowed secured claims provided for in the Plan shall retain the lien securing such claim until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (2) entry of Debtor's discharge under § 1328. If the case is dismissed or converted without completion of the Plan, such lien shall also be retained by the holder to the extent recognized by applicable non-bankruptcy law.

19.     ***Distributions to Unsecured Creditors.*** The Trustee shall hold all funds payable to general unsecured creditors for at least 30 days after the deadline for filing proofs of claim has expired, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

20.     ***Distributions on Amended Claims in Lesser Amount than the Original Claim, Satisfaction of Claims, and Withdrawn Claims.*** If a creditor files an amended claim in a lesser amount than the original claim, files a satisfaction of its proof of claim, or withdraws its proof of claim, the Trustee, at the Trustee's discretion, may (a) reduce the creditor's distribution to be consistent with the lesser amount of an amended claim; (b) elect to seek recovery of funds already disbursed or take no action at all regarding funds already disbursed to that creditor; or (c) discontinue any further

disbursements if a claim is amended, satisfied, or withdrawn to reflect that the claim has been paid in full. Any disbursements made under this Order on account of a claim that is subsequently amended are deemed authorized disbursements, and the Trustee shall have no liability therefor.

21.     ***Termination of the Automatic Stay.*** The automatic stay was terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor; (b) for Debtor to make payments directly to the secured creditor or lessor;(c) that Debtor does not intend to make payments while preserving state law contract rights and defenses; or (d) for which no provision was made in the Plan. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to any secured creditor or lessor not provided for in this Order.

22.     ***Refund of Undisbursed Plan Payments if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, subject to the provisions of Paragraph 23 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed under paragraph 5 of this Order, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

23.     ***Administrative Expense Claims if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under another chapter, holders of unpaid administrative

expense claims, including Debtor's attorney, that seek payment in the Chapter 13 case must file their applications no later than 14 days after entry of the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded in this Order.

24.     ***Debtor's Declaration Regarding Domestic Support Obligations and § 522(q)***. Upon completion of all payments under the Plan, Debtor must promptly file an affidavit or declaration under penalty of perjury that (a) either lists all domestic support obligations and whether such obligations are current or states that Debtor is not required to pay a domestic support obligation; and (b) states that § 522(q)(l) is not applicable and there is no proceeding pending in which Debtor could be found guilty of an offense listed in § 522(q)(l) or liable for a debt of the kind listed in § 522(q)(1)(B).

25.     ***Entry of Discharge.*** The entry of a discharge shall be withheld until Debtor complies with Paragraphs 2 and 24.

26.     ***Student Loans.*** Any discharge entered in this case shall not discharge Debtor's liability on a federally guaranteed student loan unless the Court specifically finds in a separate adversary proceeding under § 523(a)(8) that repayment of the debt would cause an undue hardship to Debtor or Debtor's dependents.

27.     ***Section 521(i)(1).*** This case is not subject to § 521(i)(1).

28.     ***Reconsideration***. If this Order contains any modified term or condition not timely noticed to interested parties, any party may seek reconsideration of this Order within 14 days of its entry by separate motion.

29. Additionally, the Debtor shall cure the interim delinquencies of $140.00 within 60 days of the date of this Order.  Debtor must make all ongoing plan payments on a timely basis and all funds needed to cure the existing delinquency in plan payments must be received by the Trustee no later than 60 days from the date of this Order. Failure to comply with the foregoing will result in a dismissal or reconversion of the case without further notice or hearing, upon the filing of an affidavit of default by the Trustee. If the delinquency set forth herein is cured, the Trustee's ability to dismiss or reconvert the case by affidavit will no longer apply.

Trustee, Douglas W. Neway is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

**EXHIBIT A**
**CASE NO: 3:24-bk-00698-BAJ**
**SAYED MOHAMMAD HUSSAINI**
**Chapter 13**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
| | SACKS & SACKS PA | Priority | $4,116.00 | $4,116.00 | $155.00 | 1 - 5 |
| | | | | | $205.00 | 6 - 16 |
| | | | | | $136.00 | 17 - 17 |
| | | | | | $50.00 | 18 - 36 |
| *Claim Notes:* *No claim filed.* | | | | | | |
| | AMUR FINANCIAL | Secured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes:* *No claim filed. Collateral Surrendered.* | | | | | | |
| | AMUR FINANCIAL | Secured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes:* *No claim filed. Collateral Surrendered.* | | | | | | |
| | DAIMLER CHRYSLER | Secured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes:* *No claim filed. Collateral Surrendered.* | | | | | | |
| 01 | VYSTAR CREDIT UNION | Unsecured | $2,240.93 | $2,240.93 | ProRata | |
| 02 | INTERNAL REVENUE SERVICE | Priority | $1,858.06 | $1,858.06 | $0.00 | 1 - 6 |
| | | | | | $61.93 | 7 - 35 |
| | | | | | $62.09 | 36 - 36 |
| 02 | INTERNAL REVENUE SERVICE | Unsecured | $1,045.07 | $1,045.07 | ProRata | |
| 03 | SANTANDER CONSUMER USA INC | Secured | $78,282.04 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered.* | | | | | | |
| 04 | BMO BANK NA | Unsecured | $58,601.47 | $58,601.47 | ProRata | |
| 05 | JPMORGAN CHASE BANK NA | Unsecured | $14,634.59 | $14,634.59 | ProRata | |
| 06 | NAVY FEDERAL CREDIT UNION | Unsecured | $258.15 | $258.15 | ProRata | |
| 07 | NAVY FEDERAL CREDIT UNION | Unsecured | $7,626.12 | $7,626.12 | ProRata | |

**EXHIBIT A**
**CASE NO: 3:24-bk-00698-BAJ**
**SAYED MOHAMMAD HUSSAINI**
**Chapter 13**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| 08 | TRUIST BANK | Unsecured | $8,727.10 | $8,727.10 | ProRata | |
| 09 | TRIANGLE EQUIPMENT FINANCE LLC | Secured | $72,451.00 | $0.00 | $0.00 | |
| *Claim Notes:* | *Collateral Surrendered.* | | | | | |
| 09 | TRIANGLE EQUIPMENT FINANCE LLC | Unsecured | $24,445.70 | $24,445.70 | ProRata | |
| 10 | C H BROWN CO LLC | Unsecured | $14,665.60 | $14,665.60 | ProRata | |
| 11 | MERCEDEZ -BENZ FINANCIAL SERVICES USA LLC | Secured | $161,601.52 | $0.00 | $0.00 | |
| *Claim Notes:* | *Collateral Surrendered.* | | | | | |
| 12 | MERCEDEZ -BENZ FINANCIAL SERVICES USA LLC | Secured | $85,131.79 | $0.00 | $0.00 | |
| *Claim Notes:* | *Claim paid outside of plan.* | | | | | |
| 13 | NORTH MILL EQUIPMENT FINANCE | Secured | $102,085.85 | $0.00 | $0.00 | |
| *Claim Notes:* | *Collateral Surrendered.* | | | | | |
| 14 | TRUIST BANK | Secured | $117,838.72 | $0.00 | $0.00 | |
| *Claim Notes:* | *Claim paid outside of plan.* | | | | | |
| 14 | TRUIST BANK | Secured | $1,970.17 | $0.00 | $0.00 | |
| *Claim Notes:* | *Mortgage Arrearage. Claim paid outside of plan.* | | | | | |

**Debtor Payment Schedule**

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| April 11, 2024 | 1 - 6 | $228.00 |
| October 11, 2024 | 7 - 36 | $297.00 |

Copies to:
Sayed Mohammad Hussaini, 3766 Hartsfield Forest Cir, Jacksonville, Fl 32277
Melanie J Sacks Esquire, Sacks & Sacks Pa, 1646 Emerson St Ste B, Jacksonville, Fl 32207
Douglas W. Neway, Trustee
All Interested Parties